# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     **Case No. 5:17-cv-258-D** <br>) |
| OAK CITY CONTRACTING, LLC, | )<br>) |
| Defendant. | )<br>) |

## STIPULATION AND CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action file this Stipulation and Consent Protective Order to establish a mechanism to facilitate the flow of information and discovery in connection with this litigation, while protecting information that the parties believe, in good faith, does or may constitute confidential and/or proprietary information.

It is therefore AGREED and ORDERED as follows:

1. As used in this Order, "Confidential Material" means information designated as confidential by the producing party which falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records about a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Material.

2. Confidential Material produced or procured during discovery or during trial preparation for this case, and copies thereof, and the information contained therein, shall be made available to and inspected by the following persons only:

 a. The parties, their officers, employees, and agents who are assisting in prosecuting or defending this action;

 b. Counsel for the parties in this action, and their assistants, paralegals or other persons associated with counsel, whose assistance is required by said attorneys in the defense or prosecution of this litigation;

 c. In-house counsel, if any, for the parties and their assistants, paralegals or other persons associated with in-house counsel, whose assistance is required by said attorneys in the defense or prosecution of this litigation;

 d. Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties, to the extent that such disclosure is necessary for the prosecution or defense of this case;

 e. Other witnesses or deponents, and their counsel, during the course of or in preparation for deposition or testimony in this action as necessary for the prosecution or defense of this litigation;

 f. The Court and court personnel, including court reporters at proceedings in this action and independent court reporters;

 g. document handling or photocopying companies retained by any party or counsel; and

 h. any person who would be entitled to review the confidential documents as a result of contractual obligations such as agreements with sureties, insurers or reinsurers or pursuant to local, state, federal or other laws.

3. All Confidential Material produced or procured during discovery or during trial preparation for this case including all copies of such material shall, subject to the provisions hereof, be used by the person receiving it only in connection with prosecuting or defending this action. Confidential Material shall not be used for any other purpose and shall not be disclosed to any person, or entity, except as provided herein.

4. The parties shall designate Confidential Material as follows:

a. In the case of documents, things, interrogatory answers, responses to requests for admissions and information contained therein, designation shall be made by labeling the Confidential Material *"Confidential- Subject to Federal Court Protective Order"* at the time of production. Inadvertent failure to designate a document as Confidential Material may be corrected by supplemental written notice given as soon as practical. In the event that counsel for any party determines that the prosecution or defense of this action has obtained Confidential Material through a third-party subpoena or other form of legal process, said party may designate a document as Confidential Material by providing written notice given as soon as practical, at which time the receiving party shall label the Confidential Material *"Confidential- Subject to Federal Court Protective Order"*.

b. In the case of depositions, designation of a portion of the transcript (including exhibits) which is Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or upon review of such transcript by counsel for the party whose Confidential Material the deponent has had access. Said review by counsel shall occur within fifteen (15) business days after counsel's receipt of the transcript. All transcripts of depositions and deposition exhibits, and all information adduced at a deposition, shall in their entirety, be treated as Confidential Material for a period of fifteen (15) business days after such transcripts and exhibits are actually received by counsel for each party. Counsel shall list on a

separate piece of paper the numbers of the pages of the transcript containing Confidential Material, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. The party disclosing Confidential Material shall have the right to exclude from attendance at the deposition, during such time as the Confidential Material is to be disclosed, any person other than the deponents and the persons agreed upon pursuant to paragraph 2 above.

    c.  In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of this initial inspection, all documents and things will be treated as Confidential Material. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Confidential Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

    d.  Transcripts of depositions will not be filed with the Court unless it is necessary to do so for the purposes of trial, or motions to the Court. If a deposition transcript which contains Confidential Material is filed with the Court, the transcript shall bear the appropriate legend on the caption page and those portions which contain Confidential Material shall be marked as such and filed under seal in accordance with the Local Rules of the Eastern District of North Carolina. Nothing contained herein shall be deemed to alter or waive the requirements of Local Rule 79.2.

    e.  In the case of electronic and native format email files and other electronic native files that cannot be individually labeled without modifying the underlying data files, any such data may be identified as Confidential Material by producing the records in a file folder which includes the following wording: Confidential- Subject to Federal Court Protective Order.

Any person with access to such Confidential Material under this Protective order shall cause any print out of such data or court exhibit containing such data to be labeled as Confidential- Subject to Federal Court Protective Order prior to filing it or printing it.

5. The persons described in paragraphs 2(a), 2(b), 2(c), 2(d), 2(f), 2(g), and 2(h) shall have access to the Confidential Material once they have reviewed the provisions of this Protective Order and have manifested their assent to be bound thereby.

6. The persons described in paragraph 2(e) shall have access to the Confidential Material only after they have reviewed the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the "ACKNOWLEDGMENT OF PROTECTIVE ORDER," attached hereto as Exhibit A. A list shall be maintained by counsel of the names of all persons, other than counsel for the parties and their employees, to whom Confidential Material is disclosed. The persons receiving Confidential Material are prohibited from disclosing it to any other person except in conformance with this Protective Order.

7. Each individual who receives any Confidential Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Protective Order.

8. In the event that a party receiving material designated as Confidential Material disagrees with such designation, that party shall serve a written notice of objection on the party designating the material. The parties shall then attempt in good faith to resolve the dispute. If the parties are unable to come to a resolution within ten (10) business days of the parties' good faith attempt to resolve the dispute, the party requesting protection of the material shall file a motion for protective order with the Court. Any such material shall be treated as Confidential Material until such time as the Court enters an order resolving the dispute. If the party designating the document(s) as Confidential Material fails to file a motion within the designated time frame and

an extension of time is not granted, the material objected to will cease to be treated as Confidential Material. Nothing in this Protective Order shall shift the burden of proof as to the confidentiality of the documents or the opposing party's entitlement to them.

9. In the event that counsel for any party determines that the prosecution or defense of this action requires that Confidential Material be disclosed to persons not otherwise authorized herein, such counsel shall provide the other parties with written notice by email or hand delivery of the intended disclosure (which shall specify with particularity the Confidential Material to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than five (5) business days prior to intended disclosure. If, within five (5) business days after receipt of such notice, a party objects in writing to such disclosure, the documents produced pursuant to this Protective Order shall be treated as Confidential Material until the Court orders otherwise.

10. Before filing any information that has been designated "Confidential Material" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall reasonably attempt to confer with counsel for the party that produced the information so designated about how it should be filed. If that party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate

notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not file a timely Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court..

11. In the event that either party receives a third-party subpoena or other form of legal process requesting Confidential Material produced in this case, the party receiving such request will provide the initial producing party written notice by facsimile, email or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third-party subpoena or other form of legal process shall provide notice by facsimile, email or hand delivery of the request to the initial producing party within five (5) business days of receiving the subpoena and shall not produce the requested documents before its return date, unless the initial producing party states in writing that it does not intend to seek protection in connection with the third-party subpoena or other form of legal process concerning the Confidential Material. If the subpoena requires production of Confidential Material in less than fifteen (15) days, the party must provide written notice to the initial producing party by facsimile or email upon receipt of the subpoena.

12. This Protective Order is intended solely for the purpose of facilitating the pre-trial exchange of information between or among the parties and non-parties to this action without unnecessarily involving the Court in pre-trial discovery matters. Neither this Protective Order, nor the production of any information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to have the effect of any admissions or waiver by any party of, or

otherwise deemed to alter the confidentiality or non-confidentiality of any protection or privilege available as to that information. Compliance with this Protective Order shall not operate as an admission as to the admissibility, materiality or relevance of any information, or as an admission that any objection has or has not been validly or timely asserted. All objections with respect to admissibility, relevance, materiality of any Confidential Material are specifically reserved.

13. The inadvertent or unintentional production by a supplying party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded by the attorney work-product doctrine. Upon receiving notice from a supplying party that privileged information, including copies or summaries thereof, has been inadvertently produced, all such privileged information shall be returned to the supplying party within five (5) business days of receipt of such notice. A party that returns privileged information after receipt of notice may retain non-substantive information not claimed to be privileged that is sufficient to identify the document or other information that it returns. This paragraph shall not prejudice the right of any party to challenge a supplying party's claim that information is privileged on any grounds other than the inadvertent or unintentional production of such information.

14. This Protective Order is without prejudice to the right of either party or any non-party: (a) to apply to the Court for a protective order relating to any Confidential Information relating to any discovery or privilege in this action; (b) to object to the production of documents it considers privileged or not subject to discovery; or (c) to apply to the Court for an order compelling the production of documents or for any order permitting disclosure of Confidential Material outside the terms of this Protective Order. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the person or party designating the material as

confidential specifically consents to advance in writing to such disclosure. Nothing herein shall preclude any party or third party from making an application to the Court concerning the handling or treatment of material designated as Confidential Material at any trial or hearing in this action.

15. At the conclusion of this action, including all appeals and/or remands, all Confidential Material including all copies, extracts and summaries and all documents containing information taken therefrom, shall be destroyed no later than forty-five (45) days after the unappealed or unappealable final judgment or settlement of this action, except that counsel of record may retain one copy of the pleadings, deposition transcripts, correspondence and attorneys' notes relating to this action, subject to the other terms of this Protective Order. As to such Confidential Material, including copies, extracts, or summaries containing attorney work product, such documents may be destroyed by the receiving party in lieu of returning such items to the producing party.

16. Any additional parties added to this litigation shall be bound by this Order and the production or provision of any documents designated "Confidential--Subject to Federal Court Protective Order" to the additional parties shall be governed by the terms of this Order.

17. This Protective Order shall be effective from the date on which it is entered and shall apply and be enforceable with respect to all discovery in this matter, including material previously produced in this matter which any party seeks to designate as Confidential Material pursuant to the terms of this Order

Dated: October 30, 2017

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge

Respectfully submitted this \_\_\_\_ day of September, 2017.

/s/ Paul E. Davis
Paul E. Davis
Conner Gwyn Schenck PLLC
3141 John Humphries Wynd, Suite 100
Raleigh, NC  27612
pdavis@cgspllc.com
*Attorneys for Liberty Mutual Insurance Company*

/s/ Albert L. Chollet
Albert L. Chollet, III
Erica Marie Del Aguila
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
10 South Wacker Drive, Suite 2935
Chicago, IL  60606
achollet@watttieder.com
edelaguila@watttieder.com
*Attorneys for Liberty Mutual Insurance Company*

/s/ William J. Wolf
William J. Wolf
N. C. State Bar No. 14357
Bugg & Wolf, P.A.
P.O. Box 2917
Durham, NC  27715
Telephone: (919) 383-9431
Facsimile: (919) 383-9771
wjwolf@buggwolf.com
*Attorneys for Oak City Contracting, LLC*

# EXHIBIT A ACKNOWLEDGMENT OF PROTECTIVE ORDER

By affixing my signature below, I acknowledge that I have read and carefully considered the Protective Order (the "Order") entered by the Court in Liberty Mutual Insurance Company v. Oak City Contracting, LLC, US District Court for Eastern District of North Carolina, Case No. 5:17-cv-258D. To the extent necessary, I have sought any necessary legal advice regarding my obligations under the Order. I further understand and agree that should I violate the provisions of said Order that I may be subject to action by the parties for violation of the Order. I understand that my access to Confidential Material, as described in the Order, is expressly conditioned on my agreement to be bound by the terms of the Order, and I agree to be so bound.

_____
Signature

_____
Typed/Printed Name

Personally appeared before me _____ who upon presenting proper identification executed the Acknowledgment of Protective Order.

Subscribed before me this

\_\_\_\_\_day of _____, 2017.

_____
Notary Public

My Commission Expires: